**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4849**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JERMAINE RUSSELL JOHNSON, a/k/a J,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:09-cr-00085-JPB-DJJ-1)

Submitted: April 21, 2011         Decided: April 26, 2011

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Christopher L. Prezioso, LUTTRELL & PREZIOSO PLLC, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Russell Johnson pled guilty to possession with intent to distribute cocaine base, and the district court sentenced him to 135 months' imprisonment. On appeal, Johnson challenges the firearm enhancement used to calculate his Guidelines range. The Government asserts that Johnson waived the right to challenge his sentence in his plea agreement. We agree with the Government's position and dismiss Johnson's appeal.

It is well-settled that "a defendant may waive in a valid plea agreement the right of appeal under 18 U.S.C. § 3742 [2006]." United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). "Whether a defendant has effectively waived the right to appeal is an issue of law that [this court] review[s] de novo." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). In undertaking that review, we will enforce an appellate waiver where such a waiver "is knowing and intelligent and the issue sought to be appealed falls within the scope of the appeal waiver." United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007).

Johnson asserts that his plea was not knowing and voluntary because he could not have foreseen the future erroneous application of the firearm enhancement. Only a "narrow class of claims involves errors that the defendant could

2

not have reasonably contemplated when the plea agreement was executed." Id. (internal quotation marks omitted). For example, claims that proceedings following the guilty plea were conducted in violation of the defendant's Sixth Amendment right to counsel, United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994), or that a sentence was imposed in excess of the statutory maximum penalty "or based on a constitutionally impermissible factor such as race," United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), fall within the narrow category of claims excluded from an appellate waiver.

Johnson's claim that the district court erred in imposing his sentence does not rise to the level of a "reasonably unforeseeable" constitutional violation, but rather constitutes a routine challenge to the procedural reasonableness of his sentence. See United States v. Brown, 232 F.3d 399, 405 (4th Cir. 2000) (nothing that, if an express appeal waiver does not preclude a challenge that a sentence is illegal or improper, the covenant not to appeal becomes meaningless). Therefore, this claim falls squarely within the scope of the appellate waiver, and Johnson's failure to foresee the possibility of an enhancement does not invalidate his waiver. Accordingly, we dismiss Johnson's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

DISMISSED